IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARA LYNN WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 20-1700 ) |
| KILOLO KIJAKAZI, | ) ) |
| Defendant. | ) ) |

ORDER

AND NOW, this 29th day of March 2022, the Court, having considered the parties' summary judgment motions, will award judgment in Defendant's favor.[1]  The final agency decision—which, pursuant to 20 C.F.R. § 404.981, became the Administrative Law Judge's ("ALJ") decision upon the Appeals Council's denial of review (R. 1)—wherein the ALJ denied Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence.  Therefore, it will be affirmed.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).[2]

---

[1]  In her motion, Defendant requests summary judgment in her favor *and* that costs be taxed against Plaintiff.  (Doc. No. 19, pg. 1).  The latter request is not supported in the accompanying brief.  Because Defendant provided the Court with no "assistance in evaluating" her request for costs, *Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996), the judgment in Defendant's favor excludes any such award.

[2]  Plaintiff argues that the ALJ's denial of her application for DIB benefits is not supported by substantial evidence, primarily because the ALJ erroneously set aside limitations opined by Plaintiff's treating orthopedic surgeon.  As explained herein, the Court has considered Plaintiff's challenge to the ALJ's decision but finds none of the errors alleged.  Therefore, the Court will grant Defendant's motion for summary judgment.  This Court seeks to "determine whether there is substantial evidence to support the decision of the Commissioner." *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)).  The ALJ's decision must show that he or she "consider[ed] and weigh[ed] all of the evidence." *Cefalu v. Barnhart*, 387 F. Supp. 2d 486, 491 (W.D. Pa. 2005).  If the ALJ rejects evidence, he or she must explain the reason behind the

rejection. *Id.* When ALJs consider a medical opinion in evidence, they must articulate the opinion's persuasiveness. 20 C.F.R. § 404.1520c(b) (explaining how ALJs must consider medical opinions and prior administrative medical findings for applications filed on or after March 27, 2017). Five factors are at ALJs' disposal as they determine persuasiveness, of which they must address the two factors that are considered most important: supportability and consistency. *Id.* § 404.1520c(b)—(c).

In this matter, the question presented is whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence. The RFC represents a claimant's maximum capacity for full-time work, and it is essential to the ALJ's determination of whether a claimant is disabled. *Fargnoli*, 247 F.3d at 40. Plaintiff argues that the ALJ's RFC finding overestimates her abilities. She further argues that the ALJ would not have erred thus if she had found Plaintiff's treating orthopedic surgeon's opinion to be more persuasive. Not only that, but Plaintiff argues that it was inappropriate for the ALJ to reject the only medical opinion evidence in the record without citing another medical opinion for support.

Dr. Eric Nabors, M.D., was Plaintiff's treating orthopedic surgeon who performed an anterior cervical diskectomy and arthroplasty/disk replacement C6-7 with intraoperative SSEP monitoring on Plaintiff on January 28, 2018. (R. 253). In December 2018, he filled out a "Medical Statement Regarding Pain" and "Medical Statement Regarding Social Security Disability Claim" that appears in the record at Exhibit B13F. (R. 579—80). On this two-page form, Dr. Nabors indicated that Plaintiff experienced severe pain due to lumbar degenerative disc disease and left lateral disc herniation. (R. 579). Most of the form requested limited input from Dr. Nabors, prompting him to make selections among various symptoms and limitations by drawing a checkmark or circle. (R. 579—80). Following those instructions, Dr. Nabors drew a checkmark to indicate that a symptom associated with Plaintiff's pain was "Sleep disturbance." (R. 579). Dr. Nabors left the spaces next to "Difficulty concentrating or breathing" and "Loss of interest in almost all activities" blank. (*Id.*). When prompted to opine on Plaintiff's functional limitations by circling "Present" or "Absent" next to "Marked restriction of activities of daily living," "Marked difficulty in maintaining social functioning," and "Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere) due to pain," Dr. Nabors circled "Present." (*Id.*). And when prompted to circle "Full Time," "Part Time," or "None" for Plaintiff's work capacity, Dr. Nabors circled "None." (R. 580).

Explaining the RFC finding—that Plaintiff could perform a reduced range of sedentary work—the ALJ articulated why she found Dr. Nabors's opinion to be "not persuasive." (R. 15, 19). She pointed out that Dr. Nabors's opinion that Plaintiff had no work capacity was not a medical opinion but an administrative finding. (R. 19). This Court agrees that such findings are reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1520b(c)(3), 404.1527(d). She explained generally that the marked limitations were "not consistent with or supported by the medical evidence of record" that she had discussed earlier in the decision. (R. 19). Making her point, she specifically juxtaposed Dr. Nabors's limitations with Plaintiff's "conservative" mental health treatment and frequent instances where Plaintiff demonstrated she was alert with unimpaired concentration, memory, and thought process. (*Id.*). Earlier in her decision, the ALJ found

Plaintiff was only moderately limited in concentrating, persisting, or maintaining pace for common work tasks and mildly limited in her ability to interact with others. (R. 14). She supported those findings with a detailed account of Plaintiff's mental health treatment history that showed numerous instances when Plaintiff was "alert and oriented with normal attention span, concentration, recent and remote memory, fund of knowledge, insight and judgment, thought process, and thought content." (R. 15). Dr. Nabors's opined limitations in concentrating and social functioning appeared to be overstated by comparison. This inconsistency supports the ALJ's persuasiveness finding for Dr. Nabors's opinion notwithstanding that Dr. Nabors assessed concentration and social interaction as they related to physical pain and associated symptoms. Not only that but, as a general matter, "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993).

Further, despite rejecting Dr. Nabors's opinion, the ALJ thoroughly supported the RFC determination. She acknowledged Plaintiff was significantly limited by severe impairments that included "cervical spondylosis and stenosis, degenerative disc disease of the lumbar spine with lateral disc herniation, [and] headaches," even though she determined that the limitations arising from those impairments were not as restrictive as Plaintiff claimed. (R. 12, 16—17). The ALJ explained her consideration of records from Plaintiff's surgeries on her cervical and lumbar spine, diagnostic imaging results over years, and post-operative imaging results. (R. 17—18). That evidence was weighed alongside evidence of Plaintiff's noncompliance with physical therapy and exam findings that included "normal posture," "normal gait," "full or only mildly reduced strength and range of motion throughout her upper and lower extremities" and—other than the surgeries—a generally unremarkable course of treatment. (*Id.*). The ALJ accommodated Plaintiff's established limitations in the RFC by limiting Plaintiff to sedentary work and, among other restrictions, "occasional rotation, flexion, and extension of the neck." (R. 15). Reviewing the decision, it's clear the ALJ premised the RFC finding and her rejection of Dr. Nabors's opinion on such medical evidence as would satisfy a reasonable mind. And, as this Court has explained, there is no requirement that the ALJ needed a second medical opinion to reject Dr. Nabors's opinion or support the RFC finding. *See Cummings v. Colvin*, 129 F. Supp. 3d 209, 214—15 (W.D. Pa. 2015) (citing *Doty v. Colvin*, No. CIV.A. 13–80–J, 2014 WL 29036, at *1 n.1 (W.D. Pa. Jan. 2, 2014)) (explaining that ALJs may reject medical opinion evidence and articulate a contrary RFC without relying on another medical opinion for support). Accordingly, the Court finds no error in the ALJ's rejection of Dr. Nabors's opinion and no insufficiency in her explanation of the evidence that supported the RFC finding.

Briefly, the Court addresses Plaintiff's passing contention that the ALJ should have requested a consultative examination to assess functional limitations. The Court notes—as did the ALJ—that Plaintiff failed to appear for consultative examinations. (R. 63—65, 84, 208). Plaintiff explained that, at the time she was so scheduled, she was having difficulty related to her substance abuse disorder. (R. 64—65). When a claimant fails to appear for a consultative examination without good cause, an ALJ may deny the application. 20 C.F.R. § 404.1518(a). Regardless of whether denial would have been appropriate based on Plaintiff's failure to appear for consultative examinations in this matter, it is evident from the ALJ's thorough opinion that she had enough evidence to make her decision. Accordingly, the Court does not fault the ALJ

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED as specified above.

s/ Alan N. Bloch
United States District Judge

ecf:   Counsel of Record

---

for not obtaining a consultative examination.  *See Sterrett v. Berryhill*, No. CV 17-63-E, 2018 WL 1400383, at *1 n.2 (W.D. Pa. Mar. 20, 2018) (explaining ALJs' duty to develop the record when there is not enough evidence in the claimant's record to reach a decision).  For this and the foregoing reasons, the Court will affirm the ALJ's decision.